THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ISLAND COMPANY LLC,  
a Florida Limited Liability Company

    Plaintiff,

v.

FREE PEOPLE OF PA LLC,  
a Pennsylvania Corporation.

    Defendant,

_____/

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, ISLAND COMPANY LLC, a Florida Limited Liability Company ("Island Company") hereby sues Defendant, FREE PEOPLE OF PA LLC, a Pennsylvania corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114, and 1125 (a) and trademark infringement and unfair competition under Florida common law. Accordingly, this Court has jurisdiction under 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1332 and 1338. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the named Defendant conducts business in this Judicial District and a substantial portion of the events or omissions giving rise to this action occurred in this Judicial District.

## THE PARTIES

3.     Plaintiff, Island Company is a limited liability company duly organized under the laws of the State of Florida with its principal place of business in the United States located at 312 Clematis Street, #401, West Palm Beach FL 33401. Island Company is, in part, engaged in the business of designing and distributing, throughout the world and within this Judicial District, high quality clothing and accessories under Federally registered trademarks, include but not limited to the mark:

QUIT YOUR JOB
BUY A TICKET
GET A TAN
FALL IN LOVE
NEVER RETURN

(the "Mark").

4.     Defendant, FREE PEOPLE OF PA LLC is a corporation duly organized under the laws of the State of Pennsylvania with its principal place of business in the United States located at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112. FREE PEOPLE OF PA LLC is registered with the Florida Secretary of State, Division of Corporations and is authorized to conduct business within the State of Florida and this District as a foreign for-profit corporation.

5.     Defendant, FREE PEOPLE OF PA LLC has infringed on Plaintiff's trademark rights causing injury to Plaintiff in Florida and is directly engaging in the sale of infringing products within this District, as alleged herein, and therefore, the Court has personal jurisdiction pursuant to §48.193(1)(a)(2), Florida Statutes.

6. Defendant, FREE PEOPLE OF PA LLC conducts business within this jurisdiction and is directly engaging in the sale of infringing products within this District, as alleged herein.

## COMMON FACTUAL ALLEGATIONS

7. Island Company is the owner of the following United States Federal Trademark:

   QUIT YOUR JOB
   BUY A TICKET
   GET A TAN
   FALL IN LOVE
   NEVER RETURN

   Registration No. 3,760,762, which registered on March 16, 2010 in International Class 025 and is used in connection with board shorts; long-sleeved shirts; polo shirts; shirts and short-sleeved shirts; shorts; swimwear; t-shirts; and tee shirts. The Plaintiff's registration is incontestable. A copy of the U.S. Trademark Registration is attached hereto as Exhibit A.

8. The Mark has been used in interstate commerce to identify and distinguish Island Company's high quality apparel and other goods since April 2005 and before any date upon which the Defendant can rely.

9. Upon information and belief, the Defendant advertised, promoted, manufactured, distributed, sold, and/or derived financial benefit from the sale of its infringing product in 2016.

10. The Mark has never been assigned or licensed to the Defendant in this matter.

11. The Mark is a symbol of Island Company's quality, reputation and good will and has never been abandoned.

12. Island Company has expended substantial time and money developing, advertising and promoting the Mark.

13. Island Company has extensively used, advertised and promoted the Mark in the United States in connection with the sale of high-quality apparel and other goods and has carefully monitored and policed the use of the Mark.

14. As a result of Island Company's efforts, consumers readily identify goods bearing the Mark as being high quality merchandise sponsored and approved by Island Company.

15. Accordingly, the Mark has achieved secondary meaning.

16. Defendant recently began using a similar mark BUY A TICKET TUNE IN ROCK OUT NEVER RETURN in connection with its identical or similar, competing apparel. *See* Exhibit B.

17. Upon information and belief, at all times relevant hereto, the Defendant in this action had full knowledge of Island Company's prior use and ownership of the Mark, including its exclusive right to use and license the Mark and the goodwill associated therewith.

18. Upon information and belief, the Defendant acted willfully and with intent to deceive consumers in its adoption and use of the Mark.

### COUNT I
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

19. Island Company hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 18 above.

20. This is an action for trademark infringement against the Defendant.

21. Defendant's use of the mark

> BUY A TICKET
> TUNE IN
> ROCK OUT
> NEVER RETURN

in connection with apparel is likely to cause confusion, mistake and deception among consumers, the public, and the trade as to whether Defendant's products are affiliated with, sponsored by, or endorsed by Plaintiff.

22. Defendant's action, as set forth, constitute infringement of Plaintiff's trademark registration in violation of the Lanham Act, 15 U.S.C. § 1114(1).

23. Defendant has acted with actual or constructive knowledge of Plaintiff's Mark and registration, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

24. Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled.

25. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
(15 U.S.C. § 1125(a))

26. Island Company hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 18 above.

27. Island Company owns a valid trademark entitled to protection under the Lanham Act.

28. Defendant has demonstrated a deliberate intent to trade off the goodwill of Island Company's Mark as a means of increasing Defendant's own sales volume at the expense of Island Company.

29. The Defendant's deliberate conduct is likely to result in consumers purchasing the Defendant's product in mistaken belief that it originates from Island Company.

30. Defendant's use of a mark which is confusingly similar to Island Company's Mark in connection with identical or highly similar goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Island Company, or as to the origin, sponsorship, or approval of Defendant's goods, or commercial activities by Island Company.

31. Defendant's action, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant has made and will continue to make substantial profits and/or gains to which they are not entitled.

33. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

34. Island Company hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 18 above.

35. Island Company owns a valid trademark entitled to protection under Florida common law.

36. Defendant's use of the mark

    BUY A TICKET
    TUNE IN
    ROCK OUT
    NEVER RETURN

in connection with apparel is likely to cause confusion, mistake and deception among consumers, the public, and the trade as to whether Defendant's products are affiliated with, sponsored by, or endorsed by Plaintiff.

37. This conduct constitutes trademark infringement under Florida common law, and has caused and will continue to cause, Island Company to incur damage.

38. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## FLORIDA COMMON LAW UNFAIR COMPETITION

39. Island Company hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 18 above.

40. Defendant has infringed Island Company's Mark in violation of its trademark rights.

41. Defendant has demonstrated a deliberate intent to trade off the goodwill of Island Company's Mark as a means of increasing Defendant's own sales volume at the expense of Island Company.

42. The Defendant's deliberate use of Island Company's Mark or a similar variation thereof in connection with identical or highly similar goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Island Company, or as to the origin, sponsorship, or approval of Defendant's good, or commercial activities by Island Company.

43. The Defendant's deliberate conduct is likely to result in consumers purchasing Defendant's products in mistaken belief that they originate from Island Company.

44. This conduct constitutes unfair competition under Florida common law, and has caused, and will continue to cause, Island Company to incur damage.

45. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## PRAYER FOR RELIEF

WHEREFORE, Island Company prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. That the Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or privity with Defendant, be permanently enjoined from: (1) using the Mark, or any similar variations thereof; (2) using any trademark that imitates or is confusingly similar to the Mark, or is likely to cause confusion, mistake, deception, or public misunderstanding as to the origins of Plaintiff's goods or their relatedness to Defendant; and (3) engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate Island Company's trademark rights.

B. That Defendant be ordered to deliver up for destruction all clothing, containers, labels, signs, packaging, advertising, promotional material or the like in the possession, custody or control of the Defendant bearing a trademark found to infringe Plaintiff's trademark rights, as well as all plates and other means of making same.

C. That Defendant be ordered to pay damages, including but not limited to Defendant's profits, and those damages be trebled under 15 U.S.C. § 1117.

D. That Defendant be compelled to account to Plaintiff for any and all profits derived from its illegal acts complained of herein under 15 U.S.C. § 1117.

E. That Defendant be ordered to pay Plaintiff's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

F. Awarding such other relief as the Court may deem just and proper

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 31st day of August, 2016.

Respectfully Submitted,

HAILE, SHAW & PFAFFENBERGER, P.A.
Attorneys for Island Company, LLC.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603
**Leslie C. Adams**
ladams@haileshaw.com
sdaversa@haileshaw.com
FL Bar No. 686476
**Gary A. Woodfield**
gwoodfield@haileshaw.com
bpetroni@haileshaw.com
FL Bar No. 563102
**Susan B. Yoffee**
syoffee@haileshaw.com
yvolcy@haileshaw.com
FL Bar No. 511919

By: /s/ Leslie C. Adams
Leslie C. Adams, Esq.
FL Bar No. 686476

# United States of America
## United States Patent and Trademark Office

## QUIT YOUR JOB
## BUY A TICKET
## GET A TAN
## FALL IN LOVE
## NEVER RETURN

**Reg. No. 3,760,762** ISLAND COMPANY LLC (FLORIDA LIMITED LIABILITY COMPANY)
Registered Mar. 16, 2010  312 CLEMATIS ST #401
WEST PALM BEACH, FL 33401

**Int. Cl.: 25** FOR: BOARD SHORTS; LONG-SLEEVED SHIRTS; POLO SHIRTS; SHIRTS AND SHORT-SLEEVED SHIRTS; SHORTS; SWIMWEAR; T-SHIRTS; TEE SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK
PRINCIPAL REGISTER** FIRST USE 1-1-2005; IN COMMERCE 4-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-791,976, FILED 7-29-2009.

PRISCILLA MILTON, EXAMINING ATTORNEY



*David J. Kappos*
Director of the United States Patent and Trademark Office


EXHIBIT A

